UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GERRIT H. BROUWER, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-04112-NKL |
| | ) | |
| WYNDHAM VACATION RESORTS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs Gerrit and Joan Brouwer filed this lawsuit in Missouri state court against Wyndham Vacation Resorts and Wyndham Vacation Ownership alleging several counts arising out of the Brouwers' purchase of "timeshare points" that they planned to "rent" to others for financial gain. Wyndham timely removed to this Court. Before the Court is the Brouwers' Motion to Remand, [Doc. 14], and Wyndham's Motion to Dismiss, [Doc. 4]. For the reasons set forth below, the Brouwers' Motion to Remand is DENIED, and Wyndham's Motion to Dismiss is GRANTED.

**I.     Background**

This case does not represent the commencement of litigation between the Brouwers and Wyndham. In November 2011, the Brouwers initially filed suit in the United States District Court for the Northern District of Alabama. The case was consolidated with similar cases and was eventually transferred to the United States District Court for the Middle District of Florida. A Federal Magistrate questioned

1

whether the Brouwers adequately pleaded the amount-in-controversy jurisdictional requirement and ultimately recommended that the case be dismissed without prejudice for lack of jurisdiction. The Florida District Court adopted the recommendation, concluding that the Brouwers failed to show how they suffered more than $75,000 in damages. [Doc. 21-5, at p. 10]. The Brouwers, residents of Missouri, then filed this case in the Circuit Court for Camden County, and Defendants timely removed.

This dispute arises out of the Brouwers' purchase of "timeshare points" from Wyndham. Wyndham Vacation Ownership (WVO) is the world's largest vacation ownership business, and Wyndham Vacation Resorts (WVR) is part of WVO. [Doc. 1-1, p. 45, ¶¶ 9-10]. Both WVO and WVR are Delaware corporations with their principal places of business in the State of Florida, and they "conduct business" in Camden County, Missouri. *Id.* at ¶¶ 5-6. The "timeshare points" represent a person's ownership interest in a vacation unit. With encouragement and knowledge from Wyndham, the Brouwers purchased more than eight million points, at an investment value "in excess of $500,000" with the plan to "rent" their points to others for financial gain. *Id.* at p. 46, ¶ 13. After encouraging the Brouwers' plan and advertising benefits to "megarenters"[1] such as the Brouwers, "Wyndham systematically eliminated benefits making it increasingly difficult for [the Brouwers] to use/rent their points." *Id.* The Brouwers are now responsible for approximately $7,000 per month in maintenance and other fees. *Id.* at p. 66, ¶ 105.

---

[1] The Brouwers define "megarenters" as individual owners that use their points to rent units to guests. Megarenters engage in high volume transactions, including reservations, cancellations, and other travel activity and planning.

The Complaint contains eight counts against Wyndham: (I) Breach of Contract; (II) Fraudulent Inducement; (III) Fraudulent Concealment; (IV) Negligence; (V) Negligent Hiring, Training, Supervision, and Retention; (VI) Wanton or Reckless Hiring, Training, Supervision, and Retention; (VII) Declaratory Judgment; and (VIII) Injunctive Relief. The Brouwers seek "in excess of $25,000.00" for their "costs and fees" for damages including "loss of their investment, lost profits, dimunition in value of timeshare points, continuing obligation to pay monthly maintenance fees, and mental anguish." *Id.* at p. 67 ¶¶ 110, 112. Arguing that res judicata bars this Court from adjudicating their case, the Brouwers seek remand to state court. Wyndham argues res judicata does not apply and that this case should be dismissed for lack of personal jurisdiction.

## II. Discussion

### A. The Brouwers' Motion to Remand

It is undisputed that the parties to this case are diverse. Consequently, the question presented is whether the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a). "The party invoking federal jurisdiction has the burden to prove the requisite amount by a preponderance of the evidence." *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). If the removing party meets its burden, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The Brouwers argue this case must be remanded because the Middle District of Florida previously determined that the requisite amount in controversy had not been

3

sufficiently pleaded, and therefore res judicata applies. [Doc. 15, at p. 5]. They argue that the Complaint filed initially in the Circuit Court for Camden County and removed to this Court (the Missouri Complaint) is "almost identical" to the Complaint before the Middle District of Florida (the Florida Complaint). While it is true, as the Brouwers argue, that dismissal of a complaint for lack of jurisdiction adjudicates the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims, *Boone v. Kurtz*, 617 F.2d 435 (5th Cir. 1980), there is an exception to this rule. Dismissal based on lack of subject-matter jurisdiction does not preclude a second action on the same claim if "the justiciability problem can be overcome." *Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407, 1411 (8th Cir. 1983).

At the outset, it should be noted that the Middle District of Florida did not conclude that the Brouwers failed to *meet* the jurisdictional amount in controversy; rather the Florida court concluded that the Brouwers "failed to sufficiently *plead* the requisite jurisdictional amount in controversy." [Doc. 21-5, at p. 6] (emphasis added). A review of both Complaints reveals material differences, and the amendments made to the Missouri Complaint overcome the "justiciability problem" found by the Middle District of Florida.

In the Florida Complaint, the only reference to any monetary damages amount was in the jurisdictional statement. The Brouwers alleged that they had "invested well in excess of $75,000, exclusive of interest and costs, for a total investment in excess of $500,000." [Doc. 21-4, at p. 3, ¶ 8]. Each count included a claim for compensatory and

punitive damages plus interest and costs. The Middle District of Florida concluded that the pleading was "entirely insufficient" because the Brouwers failed to set forth factual allegations to show how they suffered more than $75,000 in damages. [Doc. 21-5, at pp. 6, 8].

However, unlike the Florida Complaint, in the Missouri Complaint the Brouwers allege in Count II that they "invested in excess of $500,000 in Wyndham timeshare points." [Doc. 1-1, at p. 66, ¶ 105]. They then allege that as a result of Wyndham's actions, they suffered damages including "loss of their investment." *Id.* at p. 67, ¶ 110. The Brouwers' claim of "loss of investment" combined with their allegation that they "invested in excess of $500,000" makes it clear that the Brouwers have specifically alleged damages in excess of $75,000. The specificity of damages in the Missouri Complaint makes the Missouri Complaint sufficiently different from the Florida Complaint so that the conclusion reached by the Middle District of Florida does not foreclose inquiry by this Court as to the existence of subject-matter jurisdiction.

In addition to alleging damages in the form of "loss of investment," which could alone establish the amount-in-controversy requirement, Wyndham also points to other changes made to the Missouri Complaint. For instance the Brouwers added a mental anguish claim, *e.g.*, [Doc. 1-1, at p. 67, ¶ 110], have alleged that they are obligated to pay $7,000 in monthly maintenance fees, *id.* at 66, ¶ 105, and have added a request for attorney's fees, *e.g.*, *id.* at p. 65 ("Wherefore" clause). *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (concluding that an attorney's fees count toward the jurisdictional minimum for diversity jurisdiction); *Kopp v. Kopp*, 280 F.3d

883, 885-85 (8th Cir. 2002) (concluding that claims for emotional distress could be used to establish amount in controversy). These additions, too, provide specificity to the amount in controversy alleged by the Brouwers and provide support for the conclusion that the amount-in-controversy threshold has been met. The Brouwers did not reply to Wyndham's arguments pointing out these changes, and so appear to concede that the changes make the Missouri Complaint materially different than the Florida Complaint.

In addition to allowing this Court to conclude that the "justiciability problem" has been overcome, these changes also permit the Court to conclude that the amount-in-controversy requirement has been met. The Complaint alleges, among other losses, "loss of investment" valued at approximately $500,000 and claims damages for mental anguish and attorneys' fees. Accordingly, the Brouwers' Motion to Remand is denied.

### B. Wyndham's Motion to Dismiss

Wyndham asserts several reasons for why the Brouwers' case should be dismissed, the first being that Missouri does not have personal jurisdiction over Wyndham. Because the Court agrees, the Court will not discuss Wyndham's other arguments. As the party asserting that personal jurisdiction exists, the Brouwers have the burden of proving facts sufficient to make a prima facie showing of jurisdiction. *See Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008). The requisite "prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Miller*, 528 F.3d at 1090 (quotations omitted).

Wyndham initially inferred from the Complaint that the Brouwers were claiming Wyndham was subject to general jurisdiction. However, in their opposition to Wyndham's Motion to Dismiss, the Brouwers make it clear that they are alleging specific jurisdiction,[2] and in any event, the Brouwers have presented no evidence to support the "continuous and systematic general business contacts" standard of general jurisdiction. *See Viasystems v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 595 (8th Cir. 2011). Accordingly, the issue is whether Wyndham is subject to specific personal jurisdiction, which "refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." *Viasystems*, 646 F.3d at 593 (quotation omitted). Specific personal jurisdiction exists only to the extent permitted by Missouri's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Id.* The requirements of Missouri's long-arm statute and the Due Process Clause present two, independent inquiries that must be addressed separately. A failure to satisfy either precludes the exercise of specific personal jurisdiction. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909-10 (8th Cir. 2012).

The Due Process Clause "requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." *Myers*, 689 F.3d at 911. Sufficient minimum contacts warranting the exercise of specific personal jurisdiction may exist "when a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum, in a suit

---

[2] *See* Pls.' Opp., [Doc. 22, at p. 5] (Titling their argument "This Court has Specific Jurisdiction," remarking that "Defendants totally ignore that this Court has specific jurisdiction," and failing to address Wyndham's argument that no general jurisdiction exists).

arising out of or related to the defendant's contacts with the forum." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 746 (8th Cir. 2011) (quotations omitted). Thus, it is necessary to "consider whether the suit arises out of or is related to the [nonresident defendant's] contacts with the forum," as well as "whether [the defendant] engaged in activities in the forum that reveal an intent to invoke or benefit from the protection of its laws." *Id.* (quotation omitted).

The only references to Missouri in the Brouwers' Complaint are that the Brouwers are citizens of Missouri, [Doc. 1-1, at p. 44, ¶¶ 1-2], that Wyndham "conducts business" in Missouri, *Id.* at p. 45, ¶¶ 5-6, and that the Brouwers were first injured in Missouri, *Id.* at ¶ 7. The Brouwers' Complaint does not allege the "timeshare point" purchases were negotiated or executed in Missouri or that any subsequent action taken by Wyndham occurred in Missouri. The Brouwers do not allege or explain to what extent Wyndham "conducts business" in Missouri. Nonetheless, the Brouwers argue that specific jurisdiction exists because

> the present lawsuit is brought by a [sic] local Missouri Plaintiffs against a domestic defendant based on events occurring almost entirely in the state of Missouri. Representations, assurances, sales pitches, problems, solutions, reservations and general communications were made by e-mail and phone between Plaintiffs in Missouri and Defendants. Deeds and contracts between Plaintiffs and Defendants were sent to and signed in Missouri. Plaintiffs makes and cancels [sic] reservations daily from his home in Missouri. These general communications and e-mails are referenced in the Complaint.

[Doc. 22, at p. 5]. First, despite stating that these general communications and e-mails are referenced in the Complaint, the Brouwers do not cite where in the Complaint these references are made. Further, upon review of the entirety of the Brouwers' Complaint,

8

the Court could find no mention of these contacts occurring in Missouri. The Complaint alleges that representations were made by Wyndham representatives, but omits where these representations were made. *See e.g.*, [Doc. 1-1, at p. 6, ¶¶ 25-26]. The only specific locations mentioned in association with alleged wrongdoing are Las Vegas, Nevada, *Id.* at p. 56, ¶ 52, and Orlando, Florida, *Id.* at p. 66, ¶ 103. Second, even if references of these communications were made, references in a Complaint are not enough. The Brouwers have presented no evidence – affidavits, exhibits, or otherwise – to meet their burden of making a prima facie showing of specific jurisdiction. *See Miller*, 528 F.3d at 1090. The Brouwers also appear to argue that they negotiated or consummated a contract in Missouri, [Doc. 22, at p. 5], but this fact is not alleged in the Complaint, and the Brouwers have provided no evidence to support this argument.[3]

The Brouwers have provided no factual support for their jurisdictional allegations, and therefore, have not satisfied the "minimum contacts" requirement of the Due Process Clause. Because the exercise of personal jurisdiction is not permitted by the Due Process Clause, it is not necessary to consider the application of Missouri's long-arm statute. The Brouwers have not met their burden of establishing a prima facie case of personal

---

[3] Like the Brouwers, other "megarenter" plaintiffs re-filed their cases against Wyndham in various state or district courts. In *Hatzipetro v. Wyndham Vacation Resorts, Inc.*, No. 1:14-cv-11966-RGS, the U.S. District Court for the District of Massachusetts dismissed the Hatzipetros' case for lack of personal jurisdiction because the complaint did not allege that the contract was negotiated or executed in Massachusetts and because the allegation that Wyndham conducted business in Massachusetts was a bare factual assertion suggesting nothing more than that Wyndham may conduct business of some kind in Massachusetts. Similarly, in *Yaeger v. Wyndham Vacation Resorts*, No. 4:14-cv-0795-JCH, the U.S. District Court for the Eastern District of Missouri dismissed Yaeger's case for lack of personal jurisdiction because Yaeger failed to provide any factual support for his claim that Wyndham was subject to personal jurisdiction in Missouri. Notably, Yaeger made the same, verbatim, argument quoted above about representations, sale pitches, and communications occurring in Missouri. The Eastern District of Missouri remarked that it was not convinced that these contacts were referenced in Yaeger's complaint and that the only representations mentioned occurred in Nevada, California, and North Carolina.

9

jurisdiction. Accordingly, Wyndham's Motion to Dismiss for lack of personal jurisdiction, is granted, and the Brouwers' case is dismissed without prejudice.

### III. Conclusion

For the reasons set forth above, the Brouwer's Motion to Remand is DENIED, and Wyndham's Motion to Dismiss is GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: August 4, 2014
Jefferson City, Missouri